

Suite 500 East
1301 K Street NW
Washington, D.C. 20005-3317

**David M. Gossett**
202.973.4216 tel
davidgossett@dwt.com

September 15, 2025

Molly Dwyer, Clerk of Court
Office of the Clerk
Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103

**Re: Rule 28(j) Submission in *NetChoice, LLC v. Bonta*, No. 25-2366**

Dear Ms. Dwyer:

Plaintiff-Appellee NetChoice, LLC submits *Garcia v. County of Alameda*, No. 24-6814, 2025 WL 2536693 (9th Cir. Sept. 4, 2025). *Garcia* supports NetChoice's argument (NetChoice Br. 18-36) that California's Age-Appropriate Design Code Act is an impermissible content-based regulation of speech.

As NetChoice explained, the district court correctly held that every application of the Act's regulatory provisions is content-based because those provisions apply only to online services that publish certain types of subject matter that, in the State's view, make those services "likely to be accessed by children." *Garcia* confirms this conclusion.

DWT.COM

Ms. Molly Dwyer
September 15, 2025
Page 2

*Garcia* involved an ordinance prohibiting any person from "knowingly spectating a sideshow event"—"controversial events where drivers take over city intersections with their cars as they skid in circles while performing stunts"—"from within 200 feet." Op. 4-5. The Court determined that the ordinance was content based because it "targets only one topic," while permitting an audience to "observe or record any other topic" without regulation. *Id.* at 15. "A law that requires enforcement authorities to examine the content of the message that is conveyed to determine whether a violation has occurred in [this] manner … is content based." *Id.*

So too here: The Act requires "enforcement authorities to examine the content" services display—i.e., whether a service publishes "cartoons," "games," "music," "celebrities," "advertisements," or other material with indicia of "appeal[ing] to children," § 30(b)(4)—to determine if that service is regulated. And like *Garcia*, the Act does not require such content-based assessment merely to draw "neutral" lines, but to impermissibly burden "discussion of [] entire topic[s]," Op. 15, the State deems likely to cause minors to spend time online.

Ms. Molly Dwyer
September 15, 2025
Page 3

*Garcia* also reinforces that the Act cannot survive strict scrutiny. In *Garcia*, the government failed to show adequate tailoring in part because there were "existing laws that address the [C]ounty's stated concerns" without restricting speech. Op. 17. Here too, the State could accomplish its goals by enforcing existing laws—including COPPA, the CPRA, and laws governing CSAM, sexual abuse, deceptive advertising, and gambling. *See* NetChoice Br. 35.

Accordingly, *Garcia* further demonstrates that the Court should affirm the preliminary injunction.

Ms. Molly Dwyer
September 15, 2025
Page 4

Respectfully submitted,

| | /s/ *David M. Gossett* |
|---|---|
| Adam S. Sieff | David M. Gossett |
| DAVIS WRIGHT TREMAINE LLP | Meenakshi Krishnan |
| 350 South Grand Avenue | DAVIS WRIGHT TREMAINE LLP |
| 27th Floor | 1301 K Street NW, Suite 500 East |
| Los Angeles, CA 90071 | Washington, DC 20005 |
| (213) 633-6800 | (202) 973-4200 |
| adamsieff@dwt.com | davidgossett@dwt.com |
| | meenakshikrishnan@dwt.com |
| Ambika Kumar | |
| Bianca G. Chamusco | Robert Corn-Revere |
| DAVIS WRIGHT TREMAINE LLP | FOUNDATION FOR INDIVIDUAL |
| 920 Fifth Avenue, Suite 3300 | RIGHTS AND EXPRESSION |
| Seattle, WA 98104 | 700 Pennsylvania Ave. SE, Suite 340 |
| (206) 757-8030 | Washington, DC 20003 |
| ambikakumar@dwt.com | (215) 717-3473 Ext. 209 |
| biancachamusco@dwt.com | bob.corn-revere@thefire.org |

Enclosure:

*Garcia v. Cnty. of Alameda*, No. 24-6814, 2025 WL 2536693 (9th Cir. Sept. 4, 2025) (slip op.)

CC: All other parties (by ACMS)


I hereby certify that the body of this letter contains 349 words, and thus complies with Federal Rule of Appellate Procedure 28(j).

/s/ *David M. Gossett*